UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRE A. MUNA VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLINGTON CAPITAL PARTNERS LLC,<br><br>    Defendants. | Case No.   1:25-cv-00627-EPG<br><br>ORDER (1) TO ASSIGN A DISTRICT JUDGE; (2) VACATING SCHEDULING CONFERENCE; AND (3) SETTING DEADLINE RE: DEFAULT JUDGMENT<br><br>(ECF Nos. 5, 6) |

Plaintiff filed this action on May 28, 2025, alleging violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act. (ECF No. 1). Plaintiff has since requested and obtained a clerk's entry of default against the sole Defendant, Wellington Capital Partners LLC. (ECF Nos. 5, 6). Given the Clerk's entry of default, the Court will set a deadline for Plaintiff to move for default judgment under Rule 55(b)(2).[1] Additionally, the Court advises Plaintiff of the following basic requirements for a motion for default judgment.[2]

The motion must establish proper service on Defendant and the Court's jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus.*

---

[1] Alternatively, if Plaintiff believes a default judgment by the Clerk is appropriate under Rule 55(b)(1), Plaintiff may file such a request.

[2] This order does not purport to advise Plaintiff of all applicable requirements.

1

*Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

The motion must address the relevant factors regarding default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment). Here, the complaint identifies multiple counts, which Plaintiff must independently address.

Further, the motion must support any request for attorney fees, costs, and damages. *See In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (noting party seeking attorney fees and costs must specify basis for such award); *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) ("Whether prejudgment interest is permitted in a particular case is a matter of statutory interpretation, federal common law, and, in some instances, state law."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Plaintiff must identify the recovery sought under the complaint, specify the authority that supports it, and explain how any monetary amount sought is justified.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to assign a District Judge to this case.
2. The initial scheduling conference set for September 2, 2025, is vacated. (ECF No. 3).
3. Plaintiff has until August 18, 2025, to move for default judgment against Defendant.[3]

IT IS SO ORDERED.

Dated:  **July 16, 2025**                    /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's motion for default judgment shall provide developed argument, including citation to the record and relevant legal authority, in addressing the requirements discussed above and any other applicable requirements. *See* Fed. R. Civ. P. 7(b)(1)(B) (noting that motions must "state with particularity the grounds for seeking the order).